# UNITED STATES DISTRICT COURT
for the

District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:21-mj-00069 |
| KARL DRESCH | ) Assigned to: Judge Zia M. Faruqui |
| | ) Assign Date: 1/15/2021 |
| | ) Description: COMPLAINT W/ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Karl Dresch ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752 (a)(1), (2)- Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority And Impeding or Disrupting Official Functions
18 USC 1512(c)-Obstructing an Official Proceeding
40 U.S.C. 5104(e)(2)- Violent Entry and Disorderly Conduct on Capitol Grounds

Date:   01/15/2021

*Issuing officer's signature*

City and state:   Washington, DC   ZIA M. FARUQUI, U.S. Magistrate Judge
*Printed name and title*

**Return**

This warrant was received on *(date)* 01/15/21, and the person was arrested on *(date)* 01/19/21
at *(city and state)* Calumet, MI.

Date:   01/20/21

*Arresting officer's signature*

SA John Fortunato
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

No.   2:21-mj-00004

v.

COMPLAINT
**PENALTY SHEET**

KARL DRESCH,

        Defendant.
_____/

**COUNT 1 – Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority and Impeding or Disrupting Official Functions – 18 U.S.C. § 1752(a)(1), (2)**

**Maximum penalty:** Not more than one year's imprisonment and/or a $100,000 fine [18:3571]
**Supervised Release:** Not more than 1 year [18 U.S.C. § 3583] (Class A Misdemeanor, 18:3559)
**Special Assessment**: $25 [18 U.S.C. § 3013]

**COUNT 2 – Violent Entry and Disorderly Conduct on Capitol Grounds – 40 U.S.C. § 5104(e)(2)**

**Maximum penalty:** Not more than six months' imprisonment and/or a $5,000 fine [18:3571]
**Special Assessment**: $10 [18 U.S.C. § 3013]

**COUNT 3 – Obstructing an Official Proceeding – 18 U.S.C. § 1512(c)**

**Maximum penalty:** Not more than twenty years' imprisonment and/or a $250,000 fine [18:3571]
**Supervised Release:** Not more than 3 years [18 U.S.C. § 3583] (Class C Felony, 18:3559)
**Special Assessment**: $100 [18 U.S.C. § 3013]

Date:  January 20, 2021                  /s/Theodore J. Greeley
                                                                        Counsel for the United States

Submitted in accordance with Admin Order 17-MS-046

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 2:21–mj–4

v.                                Hon. Maarten Vermaat

KARL DRESCH,

        Defendant.
_____/

## **NOTICE OF HEARING**

TAKE NOTICE that a hearing has been scheduled as set forth below:

Type of hearing(s):   First Appearance
Date/Time:   January 20, 2021   03:00 PM
Magistrate Judge:   Maarten Vermaat
Place/Location:   by video

*The public may access this hearing by dialing 888–363–4734 and using this access code 2739526#.*

                                              MAARTEN VERMAAT
                                              U.S. Magistrate Judge

Dated:  January 20, 2021        By:   /s/ A. E. Robinson
                                             Deputy Clerk

## UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF MICHIGAN
## CRIMINAL MINUTE SHEET

| USA v. | Karl Dresch | | Mag. Judge: | Maarten Vermaat |
|---|---|---|---|---|

| CASE NUMBER | DATE | TIME (begin/end) | PLACE | INTERPRETER |
|---|---|---|---|---|
| 2:21-mj-4 | 1/20/2021 | 3:02 pm - 3:20 pm | Marquette | |

**APPEARANCES:**

| Government: | Defendant: | Counsel Designation: |
|---|---|---|
| Theodore Greeley | Elizabeth LaCosse | FPD Appointment |

| OFFENSE LEVEL | CHARGING DOCUMENT/COUNTS | CHARGING DOCUMENT |
|---|---|---|
| Felony | Out-of-District Warrant | Read __<br>Reading Waived __ |

| TYPE OF HEARING | DOCUMENTS | CHANGE OF PLEA |
|---|---|---|
| ✓ First Appearance<br>__ Arraignment:<br>  __ mute   __ nolo contendre<br>  __ not guilty   __ guilty<br>__ Initial Pretrial Conference<br>__ Detention     (waived __)<br>__ Preliminary   (waived __)<br>✓ Rule 5 Proceeding<br>__ Revocation/SRV/PV<br>__ Bond Violation<br>__ Change of Plea<br>__ Sentencing<br>__ Other: _____ | __ Defendant's Rights<br>__ Waiver of _____<br>__ Consent to Mag. Judge for _____<br>__ Other: _____<br><br>Court to Issue:<br>__ Report & Recommendation<br>__ Order of Detention<br>__ Order to file IPTC Statements<br>__ Bindover Order<br>✓ Order Appointing Counsel<br>__ Other: _____ | Guilty Plea to Count(s) _____<br>of the _____<br>Count(s) to be dismissed at sentencing:<br>_____<br>Presentence Report:<br>  __ Ordered   __ Waived<br>__ Plea Accepted by the Court<br>__ No Written Plea Agreement<br><br>**EXPEDITED RESOLUTION**<br>__ Case appears appropriate for expedited resolution |

| ADDITIONAL INFORMATION | SENTENCING |
|---|---|
| Hearing conducted by video with Defendant's consent. Defendant advised of his rights, the charges and penalties. The Government was advised of their Brady obligations. Detention hearing to be scheduled within three days. | Imprisonment: _____<br>Probation: _____<br>Supervised Release: _____<br>Fine: $ _____<br>Restitution: $ _____<br>Special Assessment: $ _____<br>Plea Agreement Accepted:    __ Yes   __ No<br>Defendant informed of right to appeal:    __ Yes   __ No<br>Counsel informed of obligation to file appeal: __ Yes   __ No |

| CUSTODY/RELEASE STATUS | BOND AMOUNT AND TYPE |
|---|---|
| Remanded to USM | $ _____ |
| **CASE TO BE:** | **TYPE OF HEARING:** |
| **Reporter/Recorder:**   Digitally Recorded via Zoom | **Courtroom Deputy:**   C. Moore |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No. 2:21–mj–4

v.                               Hon. Maarten Vermaat

KARL DRESCH,

       Defendant.
_____/

## NOTICE OF HEARING

TAKE NOTICE that a hearing has been scheduled as set forth below:

Type of hearing(s):   Detention Hearing
Date/Time:            January 22, 2021   01:00 PM
Magistrate Judge:   Maarten Vermaat
Place/Location:      by video

*The public may access this hearing by dialing 8883634734 and using this access code 2739526#.*

                                            MAARTEN VERMAAT
                                            U.S. Magistrate Judge

Dated:  January 22, 2021       By:   /s/ A. E. Robinson
                                             Deputy Clerk

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF MICHIGAN
## CRIMINAL MINUTE SHEET

| USA v. Karl Dresch | Mag. Judge: Maarten Vermaat |
|---|---|

| CASE NUMBER | DATE | TIME (begin/end) | PLACE | INTERPRETER |
|---|---|---|---|---|
| 2:21-mj-4 | 1/22/2021 | 1:01 pm - 1:51 pm | Marquette | |

**APPEARANCES:**

| Government: Theodore Greeley | Defendant: Elizabeth LaCosse | Counsel Designation: FPD Appointment |
|---|---|---|

| OFFENSE LEVEL | CHARGING DOCUMENT/COUNTS | CHARGING DOCUMENT |
|---|---|---|
| Felony | Out-of-District Warrant | Read __ <br> Reading Waived __ |

### TYPE OF HEARING
- __ First Appearance
- __ Arraignment:
  - __ mute   __ nolo contendre
  - __ not guilty   __ guilty
- __ Initial Pretrial Conference
- ✓ Detention   (waived __)
- __ Preliminary   (waived __)
- __ Rule 5 Proceeding
- __ Revocation/SRV/PV
- __ Bond Violation
- __ Change of Plea
- __ Sentencing
- __ Other: ____

### DOCUMENTS
- __ Defendant's Rights
- __ Waiver of ____
- __ Consent to Mag. Judge for ____
- __ Other: ____

Court to Issue:
- __ Report & Recommendation
- __ Order of Detention
- __ Order to file IPTC Statements
- __ Bindover Order
- __ Order Appointing Counsel
- __ Other: ____

### CHANGE OF PLEA
Guilty Plea to Count(s) ____ of the ____

Count(s) to be dismissed at sentencing: ____

Presentence Report:
  __ Ordered   __ Waived

__ Plea Accepted by the Court
__ No Written Plea Agreement

### EXPEDITED RESOLUTION
__ Case appears appropriate for expedited resolution

| ADDITIONAL INFORMATION | SENTENCING |
|---|---|
| Hearing conducted by video with Defendant's consent. <br><br> Argument on the record.  Motion for detention granted. | Imprisonment: ____ <br> Probation: ____ <br> Supervised Release: ____ <br> Fine: $ ____ <br> Restitution: $ ____ <br> Special Assessment: $ ____ <br> Plea Agreement Accepted:  __Yes  __No <br> Defendant informed of right to appeal:  __Yes  __No <br> Counsel informed of obligation to file appeal:  __Yes  __No |

| CUSTODY/RELEASE STATUS | BOND AMOUNT AND TYPE |
|---|---|
| Detained | $ ____ |
| **CASE TO BE:**   Set for hearing in charging district | **TYPE OF HEARING:**  Further Proceedings |
| **Reporter/Recorder:**   Digitally Recorded via Zoom | **Courtroom Deputy:**   C. Moore |

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 2:21-mj-4 |
| | ) | |
| KARL DRESCH | ) | Charging District's Case No. 1:21-mj-69 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____District of Columbia_____

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 1-22-2021

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Elizabeth LaCosse
*Printed name of defendant's attorney*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL DRESCH,

    Defendant.

                                                 /

Case No. 2:21-mj-4

Hon. Maarten Vermaat
U.S. Magistrate Judge

## ORDER

Pursuant to the Due Process Protections Act, the Court reminds the government of its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with *Brady* and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

    IT IS SO ORDERED.

Dated: January 21, 2021                          /s/ *Maarten Vermaat*
                                                         MAARTEN VERMAAT
                                                         U.S. MAGISTRATE JUDGE

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Karl Dresch ) | Case No.  2:20-mj-4 |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

In addition, the undersigned finds clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community based on (1) Defendant's possession of firearms and ammunition following a felony conviciton, (2) Defendant's posting of statements reflecting a willingness to engaged in additional actions that are similar to those he took on Jan. 6, 2021 (see Government's exhibits 18 and 19 from detention hearing), and (3) Defendant's willingness to flee pursuing police officers at high speed in 2013 (see ECF No. 3, PageID.6-7 (Pretrial Services Report documenting high speed chase involved Defendant in Wisconsin and Michigan on June 7, 2013)).

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/22/2021

/s/ Maarten Vermaat
United States Magistrate Judge

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Karl Dresch ) | Case No.  2:20-mj-4 |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.   Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

In addition, the undersigned finds clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community based on (1) Defendant's possession of firearms and ammunition following a felony conviciton, (2) Defendant's posting of statements reflecting a willingness to engaged in additional actions that are similar to those he took on Jan. 6, 2021 (see Government's exhibits 18 and 19 from detention hearing), and (3) Defendant's willingness to flee pursuing police officers at high speed in 2013 (see ECF No. 3, PageID.6-7 (Pretrial Services Report documenting high speed chase involved Defendant in Wisconsin and Michigan on June 7, 2013)).

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/22/2021

/s/ Maarten Vermaat
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

Western District of Michigan

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 2:21-mj-4 |
| | ) |
| Karl Dresch | ) Charging District's |
| *Defendant* | ) Case No. 1:21-mj-69 |

**COMMITMENT TO ANOTHER DISTRICT**

The defendant has been ordered to appear in the _____ District of __Columbia__,
*(if applicable)* _____ division. The defendant may need an interpreter for this language:
_____.

The defendant:  ☐ will retain an attorney.
                ☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: January 22, 2021

/s/ *Maarten Vermaat*
*Judge's signature*

Maarten Vermaat, United States Magistrate Judge
*Printed name and title*

Query  Reports  Utilities  Help  What's New  Log Out

CLOSED

# United States District Court
# Western District of Michigan (Northern Division (2))
# CRIMINAL DOCKET FOR CASE #: 2:21-mj-00004-MV All Defendants

Case title: USA v. Dresch  
Other court case number: 1:21-mj-69 District of Columbia

Date Filed: 01/20/2021  
Date Terminated: 01/22/2021

Assigned to: Magistrate Judge Maarten Vermaat

**defendant (1)**

**Karl Dresch**  
*TERMINATED: 01/22/2021*

represented by **Elizabeth A. LaCosse (FPD)**  
Federal Public Defender (Marquette)  
925 W Washington, Ste. 104  
Marquette, MI 49855  
(906) 226-3050  
Fax: (906) 273-0070  
Email: beth_lacosse@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**  
None

**Disposition**

**Highest Offense Level (Opening)**  
None

**Terminated Counts**  
None

**Disposition**

**Highest Offense Level (Terminated)**  
None

**Complaints**  
1:1RF.F Rule 5 Felony Proceedings

**Disposition**

**Plaintiff**

Query   Reports   Utilities   Help   What's New   Log Out

Huntington Bank Building, 2nd Fl.
1930 US 41 W
Marquette, MI 49855
(906) 226-2500
Email: theodore.greeley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2021 | 1 | NOTICE as to Karl Dresch: first appearance is set for 1/20/2021 at 03:00 PM at by video before Magistrate Judge Maarten Vermaat; (aer) (Entered: 01/20/2021) |
| 01/20/2021 | 2 | CJA 23 financial affidavit by defendant Karl Dresch in support of request for court-appointed counsel (cam) (Entered: 01/20/2021) |
| 01/20/2021 | 3 | (RESTRICTED ACCESS) PRETRIAL SERVICES REPORT as to Karl Dresch [Access to this document is available to the Court and temporarily available to attorney(s) for USA, Karl Dresch only] (Supervising USPO Joshua Hechtman, jae, ) Modified on 2/3/2021 to revoke attorney access (cam). (Entered: 01/20/2021) |
| 01/20/2021 | 4 | MOTION for detention by USA as to Karl Dresch (Greeley, Theodore) (Entered: 01/20/2021) |
| 01/20/2021 | 5 | *PENALTY SHEET* by USA as to Karl Dresch (cam) (Entered: 01/20/2021) |
| 01/20/2021 | 6 | MINUTES of FIRST APPEARANCE by video conference in Rule 5 proceedings for defendant Karl Dresch held before Magistrate Judge Maarten Vermaat (Proceedings Digitally Recorded via Zoom) (cam) (Entered: 01/21/2021) |
| 01/21/2021 | | (NON-DOCUMENT) ORDER APPOINTING FEDERAL PUBLIC DEFENDER as counsel for defendant Karl Dresch ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/21/2021) |
| 01/21/2021 | 7 | ORDER as to defendant Karl Dresch re Rule 5(f) ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/21/2021) |
| 01/21/2021 | | (NON-DOCUMENT) ATTORNEY APPEARANCE of Elizabeth A. LaCosse (FPD) for defendant Karl Dresch (LaCosse (FPD), Elizabeth) (Entered: 01/21/2021) |
| 01/22/2021 | 8 | NOTICE OF HEARING as to Karl Dresch detention hearing set for 1/22/2021 at 01:00 PM at by video before Magistrate Judge Maarten Vermaat; (aer) (Entered: 01/22/2021) |
| 01/22/2021 | 9 | WAIVER of Rule 5 and 5.1 hearings by Karl Dresch (cam) (Entered: 01/22/2021) |
| 01/22/2021 | 10 | MINUTES of DETENTION hearing conducted by video conference as to defendant Karl Dresch held before Magistrate Judge Maarten Vermaat (Proceedings Digitally Recorded via Zoom) (cam) (Entered: 01/22/2021) |
| 01/22/2021 | 11 | COMMITMENT TO ANOTHER DISTRICT: defendant Karl Dresch committed to District of Columbia ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/22/2021) |
| 01/22/2021 | 12 | ORDER OF DETENTION pending trial as to defendant Karl Dresch ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/22/2021) |

2/4/2021 Case 1:21-mj-00069-ZMF Document 5 Filed 01/22/21 Page 18 of 18
United States District Court for the Western District of Michigan

**Query** **Reports** **Utilities** **Help** **What's New** **Log Out**

| | | Documents) (cam) (Entered: 01/22/2021) | |
|---|---|---|---|